UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

FILED
JACKSONVILLE, FLORIDA
OCT 12 2004
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re: Deborah Denike,    )
                          )
                          )
                          )
         Debtor.          )    Case No. 3:04-bk-06869-JAF
                          )
                          )    Chapter 7

**DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO EXTEND TIME FOR TRUSTEE TO FILE COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE**

Notice is hereby given that the Respondent/Debtor opposes and objects to the granting of the Trustee's Motion to Extend Time for Trustee to File Complaint Objecting to Debtor's Discharge served in this case on October 4, 2004 and received by undersigned counsel on October 6, 2004, for the reasons set forth below:

1. The Trustee failed to allege sufficient cause within his Motion to Extend Time for Trustee to File Complaint Objecting to Debtor's Discharge. A mere conclusory allegation as contained with paragraph two of the Trustee's motion is insufficient without any supporting facts alleging legal cause for the requested extension and/or stating a good faith belief as to facts possibly necessitating an objection being filed.

2. The Debtor filed her Chapter 7 petition on July 2, 2004. The deadline to file a complaint objecting to discharge of the Debtor or to determine dischargeability of a claim was set for October 4, 2004.

3. The meeting of creditors was held on August 5, 2004 and the Debtor was examined by the Trustee at that time. Prior to this meeting the Debtor had promptly complied

with request for documents by the Trustee.

4. On August 17, 2004, the Trustee again requested documents and the Debtor again promptly complied.[1] On this same date the Trustee requested authorization to employ Raymond Magley as special attorney for the estate and said request was granted by this Court on August 18, 2004. Additionally on this date, the Trustee filed his objections to the debtor's claimed exemptions.

5. On August 20, 2004, the Trustee moved for entry of an order allowing him to examine the Debtor[2] and this Court granted the request on August 23, 2004.[3] The Trustee requested the examination take place on September 28, 2004.[4]

6. The attorney for the Trustee subsequently rescheduled the examination due to hurricane concerns to September 29, 2004. When discussing the rescheduling of the examination undersigned counsel verified receipt of all documents requested by the Trustee and forwarded by Debtor, as well as offering to provide any further documentation that was desired.

7. On September 10, 2004, the debtor filed her Amended Schedules B & C and an Amended Summary of Schedules. This filing presumably eliminated any objections previously

---

[1] The Debtor also provided a detailed examination and explanation of the transactions in question and offered to provide any other documentation needed upon request.

[2] *See* Trustee's Motion for Federal Rule of Bankruptcy Procedure 2004 Examination of the Debtor.

[3] *See* Order Directing Debtor to Appear for Federal Rule of Bankruptcy Procedure 2004 Examination.

[4] The requested examination date was five business days before the October 4, 2004 deadline to object to discharge.

filed by the Trustee and provided further detail of the Debtor's personal property.[5]

8. The Rule 2004 examination proceeded on September 29, 2004 and the Debtor answered all questions posed by the Trustee without objection. The attorney for the Trustee requested nothing further from the Debtor.

9. On October 4, 2004, the Trustee filed his Motion to Extend Time for Trustee to File Complaint Objecting to Debtor's Discharge. The date this motion was filed was the very day of the deadline to file a complaint objecting to discharge. This motion was filed 84 days after the commencement of Debtor's Chapter 7 proceedings.

10. The time for filing a complaint under § 523 (c) in a Chapter 7 case is specifically governed by Fed.R.Bankr.P. 4007 (c) and set at 60 days after the first meeting of creditors under § 341. This deadline is firm and can only be extended for cause. The Trustee fails to state any cause whatsoever in his Motion to Extend Time for Trustee to File Complaint Objecting to Debtor's Discharge as to why the deadline should be extended. To receive an extension of time, the Trustee not only needed to timely file a motion for an extension of time, but also needed to state cause why the motion should be granted. *See In re: Woods*, 260 B.R. 41, 43-44 (Bankr. N.D. Fla. 2001). The Trustee's motion is legally insufficient and should be denied.

11. Even if the Trustee had alleged cause, valid cause is not present to extend the deadline in this case. The Court in *Woods* reviewed cases from around the country and stated that its review revealed that a lack of diligent effort can be fatal to a last minute attempt to achieve an extension of the deadline. *Id.* at 44-45. The *Woods* Court cited *In re: Grillo*, 212 B.R. 744,747

---

[5]Prior to the Rule 2004 Examination an appraiser visited the Debtor's home and appraised her property. The Debtor has yet to see a copy of the appraisers report.

(Bankr. E.D. N.Y. 1997) where it stated, "The majority view is that there can be no cause justifying an extension of time . . . where the party seeking the extension failed to diligently pursue discovery prior to expiration of the deadline." *Woods* at 45. The Trustee has had every opportunity to pursue discovery and received all documents requested in a timely fashion. The Debtor continually offered to provide any more documents that the trustee might desire.

12. The Trustee should not be allowed more time if the request is solely based upon the close proximity of the Rule 2004 Examination and the deadline date. The Trustee chose the date for the Rule 2004 Examination, not the Debtor. The motion for the Rule 2004 examination was filed on August 20, 2004 and order granting the Rule 2004 Examination was rendered on August 23, 2004. The Trustee chose to request a date more than 30 days away, as such, the Trustee cannot now complain on the basis of his own lack of diligence. The *Woods* Court cited *Grillo* when that Court outlined numerous cases denying extensions of time as follows:

> *In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D. N.Y. 1996) (no cause where creditor failed to seek a Rule 2004 examination and moved for an extension of time on the last day to file objections to discharge); *In re: Leary*, 185 B.R. 405, 406 (Bankr. D. Mass. 1995) (cause absent where creditor waited until ten (10) days prior to expiration of the deadline to pursue requested Rule 2004 examinations); *Santana Olmo v. Quinones Rivera (In re Quinones Rivera)*, 184 B.R. 178, 183 (D.P.R.1995) (request for extension is inappropriate where movant made 'no attempts at discovery, until his motion for extension of the deadline for objecting to discharge . . . '); *In re Farhid*, 171 B.R. 94, 97 (N.D. Cal. 1994) (cause absent where creditor failed to attend section 341 meeting of creditors or request any Rule 2004 examination); *In re Dekelata*, 149 B.R. 115, 117 (Bankr. E.D. Mich.1993) (no cause where request for Rule 2004 examination was made for the first time 11 days prior to expiration of the deadline); *Littell v. Littell (In re Littell)*, 58 B.R. 937, 938 (Bankr.S.D. Tex. 1986) (no cause where creditor failed to conduct discovery and motion for extension of time was filed day before deadline was to expire); see also 9 Collier on Bankruptcy P 4004.03[2] at 4004-13 (extension inappropriate where 'party seeking extension has made no attempts at discovery during all or most of the time available to it.'). *But cf In re Amezaga*, 192 B.R. 37, 41 (Bankr.D.P.R.1996) (This court liberally grants motions for

extension of time to object to discharge when the need for discovery is the basis for the request.'").

Clearly, even if the Trustee had filed a motion stating cause, the delay on the part of the Trustee eliminates any valid reason for the requested extension.

13. The Debtor requests a hearing on the Trustee's Motion to Extend Time for Trustee to File Complaint Objecting to Debtor's Discharge.

WHEREFORE the Debtor requests this Court deny the Trustee's Motion to Extend Time for Trustee to File Complaint Objecting to Debtor's Discharge and grant any other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Debtor's Objection to Trustee's Motion to Extend Time for Trustee to File Complaint Objecting to Debtor's Discharge was provided to Robert J. Perry, Jr., Held & Israel, 1301 Riverplace Boulevard, Suite 1916, Jacksonville, Florida 32207 (Attorney for Susan Katz); Raymond Magley, Smith Hulsey & Busey, P.O. Box 53315, Jacksonville, FL 32201, Gordon P. Jones, Trustee, P.O. Box 600459, Jacksonville, Florida 32260-0459 (Chapter 7 Trustee) and the Office of the Assistant U.S. Trustee, Room 620, 135 West Central Boulevard, Orlando, Florida 32801 and the original to the Clerk of Court, U.S. Bankruptcy Court Middle District of Florida, U.S. Courthouse, 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202 this 8th day of October 2004 by first class U.S. Mail.

D. Todd Doss
Florida Bar No. 0910384
725 Southeast Baya Drive
Suite 102
Lake City, FL 32025
Telephone No. 386-755-9119
Facsimile No. 386-755-3181