UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: ) Case No. 3:04-bk-06869-JAF

DEBORAH A. DeNIKE, ) Chapter 7

Debtor, )

## DEBTOR'S MOTION TO FOR REHEARING ON KATZ'S MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE OR DETERMINE DISCHARGEABILITY

Deborah A. DeNike, Debtor, moves the Court for rehearing on Katz's Motion To Extend Time To Object To Discharge or Determine Dischargeability and, in support says:

1. On November 23, 2004, this Court granted Katz's Motion To Extend Time to Object To Discharge or Determine Dischargeability. In granting said motion, the court ruled that Katz had shown "good cause" for the motion. Debtor respectfully argues that the basis for the motion put forth by Katz, specifically:

   a. counsel came into the case late and had inadequate time to prepare

   b. counsel needs to ask follow up questions of Debtor to Debtor's deposition testimony

   does not evidence good cause and that this court's ruling is contrary to applicable case law.

2. *In Re: Woods*, 260 B.R. 41, 42-44 (Bankr. N.D. Fla. 2001), the Northern District of Florida analyzed appellate decisions around the country on the issue of extensions of time to file complaints objecting to discharge or dischargeability.

3. As stated in *Woods*,

> "the majority view is that there can be no cause justifying an extension of time ... where the party seeking the extension failed to diligently pursue discovery prior to expiration of the deadline."

*Id*. at 45.

4. Katz, through her attorney, David Kahn, advised Debtor's counsel in writing on July 28, 2004 of his intention to file a complaint objecting to discharge. A copy of counsel's letter is attached hereto, marked as Exhibit "A" and incorporated herein by reference.

5. As stated in counsel's letter, Katz did not appear at the 341 meeting of creditors on August 5, 2004.

6. Robert Perry, as counsel for Katz, appeared in the case as early as August 16, 2004; the date the Motion To Modify The Automatic Stay was filed. As of August 16, 2004, 85% of the 60 day time period to file an objection to discharge or determine dischargeability remained. Further, Mr. Perry had a tremendous time advantage as the extensive discovery conducted in the state court action over a six and one-half year time period was readily available to Mr. Perry through Katz's state court attorney, David Kahn.

7. Robert Perry, as counsel for Katz, received a copy of Debtor's amended schedules B and C filed September 10, 2004; 19 days prior to the Trustee's 2004 examination. No questions were asked by Mr. Perry at the deposition relative to the amended schedules or any of Debtor's financial affairs. Nor did Mr. Perry ask any questions as to the negligence or fraud claims filed by Katz against Debtor in the state court.

8. In fact, Katz did not initiate any discovery until *136 days after the filing of Debtor's Chapter 7 Petition and 42 days after expiration of the October 4, 2004 deadline to object to dischargeability or discharge of debtor.*

9. Katz's lack of diligent effort is fatal to her last minute attempt to achieve an extension of the deadline. *Id. at 44-45.*

10. Further, as recognized in *In Re: Tucker*, 263 B.R. 623(Bankr. M.D. Fla. 2001) and by this court in *In Re: Johnson*, Adv. No.: 02-155 (Bankr. M.D. Fla. 2002), absent extraordinary circumstances, the provisions of Rule 4007(c) are non-waivable and the court lacks jurisdiction to permit a late-filed dischargeability complaint. Examples of such extreme circumstances are: 1) failure to list the creditor; 2) reliance on an erroneous bar date; and 3) timely filed complaint returned by the clerk due to procedural problems. None of such extraordinary circumstances exist in the instant case as Katz was listed, the bar date was correct and Katz did not file a complaint to objecting to discharge or to determine dischargeability.

WHEREFORE, Debtor requests that the Court enter an order vacating the order granting Katz's Motion To Extend Time To Object To Discharge or Determine Dischargeability and further enter an order denying said motion in accordance with applicable case law.

*[signature]*
D. Todd Doss
Florida Bar No. 0910384
725 Southeast Baya Drive
Suite 102
Lake City, Florida 32025
Telephone No. 386-755-9119
Facsimile No. 386-755-3181

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Debtor's Motion For Rehearing on Katz's Motion To Extend Time To Object To Discharge Or Determine Dischargeability was provided to Robert J. Perry, Jr., Held & Israel, 1301 Riverplace Boulevard, Suite 1916, Jacksonville, Florida 32207 (attorney for Susan Katz); Raymond Magley, Smith Hulsey & Busey, P.O. Box 53315, Jacksonville, Florida 32201, Gordon P. Jones, Trustee, P.O. Box 600459, Jacksonville, Florida 32260-0459 (Chapter 7 Trustee) and the Office of the Assistant U.S. Trustee, Room 620, 135 West Central Boulevard, Orlando, Florida 32801 and the original to the Clerk of Court, U. S. Bankruptcy Court Middle District of Florida, U.S. Courthouse, 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202 this 29th day of November, 2004 by first class U.S. Mail.

D. Todd Doss
Florida Bar No. 0910384
725 Southeast Baya Drive
Suite 102
Lake City, Florida 32025
Telephone No. 386-755-9119
Facsimile No. 386-755-3181

LAW OFFICES

# DAVID L. KAHN, P.A.

TRIAL LAWYERS BUILDING
SUITE 202
633 SOUTHEAST 3rd AVENUE
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE (954) 462-6290
TELECOPIER (954) 462-6430

DAVID L. KAHN

Miami-Dade Tel: (305) 944-1306
Delray Tel: (561) 272-3343

July 28, 2004

D. Todd Doss
Hunt & Doss
P.O. Box 3006
Lake City, Florida 32056

RE: *Your Client*     *Deborah Ann DeNike*

Dear Mr. Doss:

This is to advise you that although I have received notice on behalf of my client, Susan Katz, that there will be a meeting of the creditors before the bankruptcy trustee on August 5, 2004 at 2:00 p.m., I have determined that I will not be attending. I do wish you to know, however, that it is my contention that Ms. DeNike is not entitled to discharge of her debt to my client, Susan Katz, and my present intention is to oppose discharge of the debt and seek relief from the stays in order to liquidate my client's claim in the circuit court. I did not want my absence on August 5, 2004 to be an indication to you or to the court's trustee, that Susan Katz is willing to accept this case as a no-assets case or as a case that will automatically result in discharge of Ms. DeNike's debt.

Very truly yours,

David L. Kahn

DLK/kbl

cc: Gordon Jones, Trustee

F:\CLIENTS\Katz\Doss 07-28-04.doc